UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

---

DANIEL WALKER, individually,
and on behalf of all others similarly
situated, *et al.*,

                              Plaintiffs,

v.

BROOKS PUBLIC SAFETY
LLC,
Serve: Stephen David Brooks
850 State Street
Rocky Mount, VA 24151

and

BROOKS NETWORK SERVICES,
LLC,
Serve: Paracorp Incorporated
7288 Hanover Green Dr.
Mechanicsville, VA 23111

                              Defendants.

**Civil Action No.**    7:23cv00568

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

---

**COLLECTIVE ACTION COMPLAINT**

---

Plaintiff, Daniel Walker ("Plaintiff" or "Walker"), individually, and on behalf of all others similarly situated, respectfully moves for judgment against Defendants Brooks Public Safety LLC and Brooks Network Services, LLC (collectively "Brooks Public Safety" or "Defendants").

Plaintiff seeks to recover compensation, double and/or triple damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), and the Virginia Overtime Wage Act, Va. Code §

40.1-29.2.

Plaintiff's Fair Labor Standards Act and Virginia Overtime Wage Act claims are asserted as a collective action under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and Va. Code 40.1-29(J). The following allegations are based on personal knowledge as to Plaintiff's own conduct and experiences and are made on information and belief as to the acts of others.

## Introduction

1. This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Virginia Overtime Wage Act ("VOWA"), Va. Code § 40.1-29.2, to recover overtime wages, liquidated damages, triple damages where available, and other applicable damages brought pursuant to federal and state wage laws.

2. This Complaint seeks relief for claims for unpaid overtime in violation of the FLSA and VOWA arising out of work that Plaintiff and others similarly situated performed for the benefit and at the direction of Brooks Public Safety.

3. Plaintiff brings this action as a collective action on behalf of himself and others similarly situated. Plaintiff asks that if this case is not certified as a collective action that he be permitted to proceed individually with his claims.

## Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that Plaintiff may bring this action in any appropriate United States District Court. This Court also possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the acts and/or omissions giving rise to Plaintiff's state law claim arose from the same basis of operative fact and same controversy under the law. Pursuant to 28 U.S.C. § 1367(a), the VOWA claim is so related to the FLSA claim involving original jurisdiction that the VOWA claim forms part of the same case or controversy.

5. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this lawsuit have taken place in the Roanoke Division of the Western District of Virginia at Defendants' Rocky Mount, Virginia location, and Defendant Brooks Public Safety LLC's principal office address is located in Rocky Mount, Virginia, which is within the Roanoke Division.

6. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

**Parties**

7. Walker is a resident of Roanoke, Virginia and performed labor within the last three years for the benefit of, at the direction of, and under the supervision of, Brooks Public Safety at Brooks Public Safety's Rocky Mount, Virginia location. Walker was an "employee" of Brooks Public Safety as defined by the FLSA and Virginia law from approximately December 1, 2022 until June 13, 2023.

8. Brooks Public Safety LLC is a Virginia limited liability company with its principal place of business in the City of Rocky Mount, Virginia.

9. Brooks Network Services, LLC is a North Carolina limited liability company with a registered agent in Mechanicsville, Virginia.

10. According to its website, Brooks Network Services, LLC is an award-winning IT solutions provider and network integrator, who has been in business for almost three (3) decades.

11. According to its website, Brooks Public Safety installs video, computer, surveillance, light, sound, connectivity, and mounting solutions for police, sheriffs, EMS, and security vehicles.

12. The public can access Brooks Public Safety's website, https://brookspublicsafety.com/ (last visited August 21, 2023), through Brooks Network Services, LLC's website, https://brooksnetworkservices.com/ (last visited August 21, 2023).

13. Upon information and belief, Brooks Network Services, LLC, in approximately April or May 2022, started to offer upfitting services for safety and security vehicles. Initially, this business operated under Brooks Network Services, LLC. Then, on or about October 26, 2022, Brooks Public Safety LLC was formed in Virginia, and, since that time, the upfitting business has been performed under the name Brooks Public Safety.

14. According to its website, Brooks Public Safety has three locations: (1) 403 Burlington Avenue, Gibsonville, North Carolina 27409, (2) 217 2nd Avenue SW, Hickory, North Carolina 28602, and (3) 850 State Street, Rocky Mount, VA 24151, each offering similar upfitting services to their customers.

15. Walker's paystubs reflected "Brooks Network Services, LLC." The other employees who performed the same or substantially similar job duties as Plaintiff were paid through Brooks Public Safety LLC and/or Brooks Network Services, LLC, and Brooks Network Services, LLC and Brooks Public Safety LLC act as an integrated or joint employer, sharing common ownership and management over all three locations that perform upfitting services under the name "Brooks Public Safety."

16. Each Defendant meets the definition of "employer" with respect to the FLSA and VOWA.

17. Each Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

18. Each Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

19.    Each Defendant has made more than $500,000 in sales made or business done in the calendar year.

## Factual Allegations

20.    Walker was employed by Brooks Public Safety from approximately December 1, 2022 until June 13, 2023.

21.    Walker was employed by Brooks Public Safety as an Installer.

22.    Over the span of the last approximately two-and-a-half (2 ½) years, Brooks Public Safety has employed at least fifty (50) installers and/or individuals who performed substantially similar duties to the Plaintiff ("Installers").

23.    Plaintiff and those similarly situated were employed by Brooks Public Safety as Installers, providing services to Brooks Public Safety customers, and were all paid pursuant to the same pay practices.

24.    Brooks Public Safety was the employer with respect to Plaintiff and those similarly situated.

25.    Plaintiff and those similarly situated were all paid on a salary basis.

26.    Plaintiff and those similarly situated often worked over forty (40) hours a week.

27.    Walker was paid by Brooks Public Safety at the rate of $52,000 per year.

28.    Walker worked, on average, fifty (50) hours per week, with some weeks reaching closer to sixty (60) hours per week.

29.    Plaintiff was never paid overtime compensation.

30.    For example, Plaintiff was paid $1,000 for each of the weeks ending 12/16/2022, 12/23/2022, 12/30/2022, 01/06/2023, 01/13/2023, 01/20/2023, 01/27/2023, 02/03/2023, 02/10/2023, 02/17/2023, 02/24/2023, 03/03/2023, 03/10/2023, 03/17/2023, 03/24/2023,

03/31/2023, 04/07/2023, 04/14/2023, 04/21/2023, 04/28/2023, 05/05/2023, 05/12/2023, 05/19/2023, 05/26/2023, 06/02/2023, and 06/09/2023, despite having worked at least 50 hours each week.

31.    For at least the approximately two-and-a-half (2 ½) years preceding the filing of this Complaint, Brooks Public Safety had a policy and practice of not paying overtime compensation to Installers when they work over forty (40) hours in a week.

32.    Despite being paid on a salary basis, Plaintiff and those similarly situated were non-exempt employees of Defendant. Plaintiff and those similarly situated were not employed in any bona fide executive, administrative, or professional capacity, and Plaintiff and those similarly situated were not salesmen, parts men, or mechanics primarily engaged in selling or servicing automobiles, trucks, or farm implements.[1]

33.    Plaintiff and those similarly situated did not manage the enterprise or a customarily recognized department or subdivision of the enterprise, did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent, and did not have the authority to hire or fire other employees and/or their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

34.    Plaintiff and those similarly situated did not primarily perform office or non-manual work directly related to the management or general business operations of the employer or the

---

[1] To the extent that Defendants may contend that one or more FLSA exemptions apply to Walker and others similarly situated, such is the burden of Defendants to assert and prove the same with evidence. *See Morrison v. Cty. of Fairfax, VA*, 826 F.3d 758, 765 (4th Cir. 2016) (holding that an "employer must prove an exemption's applicability by clear and convincing *evidence*" (emphasis added)). Thus, Plaintiffs will seek discovery of evidence relating to any exemption asserted as an affirmative defense.

employer's customers, and their primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

35. Plaintiff and those similarly situated did not primarily perform work requiring advanced knowledge in the intellectual fields of science or learning and did not consistently exercise discretion and judgment.

36. Plaintiff and those similarly situated did not sell automobiles, trucks, or farm implements.

37. Plaintiff and those similarly situated did not repair broken automobiles, trucks, or farm implements.

38. Plaintiff and those similarly situated did not obtain, stock, or distribute parts for automobiles, trucks, or farm implements.

39. Instead, Plaintiff and those similarly situated performed "upfittings," *i.e.*, after-market installations of law enforcement and public safety related features into vehicles already purchased elsewhere.

40. Plaintiff and those similarly situated performed upfittings as directed and exercised no discretion or judgment as to what equipment would be installed. Additionally, Plaintiff and those similarly situated played no role in the selling of the equipment to be installed.

41. Defendants knew and tracked the duties being performed by Installers and knew or should have known that such duties and responsibilities were non-exempt and knew or should have known the hours worked by their Installers. Therefore, Defendants willfully and/or knowingly violated the FLSA and/or Virginia law by intentionally failing to pay overtime wages despite requiring Installers to work such hours.

42. At all relevant times, Defendants intended to deprive Plaintiff and similarly situated individuals of overtime pay to which they were entitled or acted with reckless disregard for the rights of Plaintiff and those similarly situated.

**Collective Action Allegations**

43. Plaintiff brings his FLSA and VOWA claims as a collective action and his consent to join this collective action as representative Plaintiff is attached as **Exhibit A**.

44. The FLSA collective is defined as follows:

All Installers of Brooks Public Safety who worked in Virginia and/or North Carolina and who provided services to Brooks Public Safety customers within the three years preceding the filing of this complaint and who worked over forty (40) hours in individual workweeks and were paid no overtime and who file a consent form to participate in this lawsuit ("FLSA Collective Action Members").

45. The VOWA collective is defined as follows:

All Installers of Brooks Public Safety who worked in Virginia and who provided services to Brooks Public Safety customers within the three years preceding the filing of this complaint and who worked over forty (40) hours in individual workweeks and were paid no overtime and who file a consent form to participate in this lawsuit ("VOWA Collective Action Members").

46. The above are similarly situated because they were paid in the same manner, performed the same primary job duties, and were subject to identical employment policies and practices and terms and conditions of employment.

47. Plaintiff and those similarly situated performed the same primary job duties and were not paid overtime in accordance with the FLSA and VOWA.

48. Numerous other individuals who performed the same primary job duties as Plaintiff in the last three years worked over forty (40) hours in individual workweeks and were paid no overtime.

49. Defendants have names, addresses, phone numbers, and email addresses for potential FLSA and VOWA Collective Action Members in their payroll or personnel records.

50. Defendants are aware or should have been aware that the FLSA and VOWA required it to pay potential FLSA and VOWA Collective Action Members overtime as they are non-exempt employees.

51. Defendants had actual and constructive knowledge that the FLSA and VOWA Collective Action Members spent more than forty (40) hours per week working for it.

## COUNT I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime Compensation
### (Collective Action)

52. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

53. This count arises from Defendants' violation of the FLSA by failing to pay overtime to Plaintiff and the FLSA Collective Action Members when they worked over forty (40) hours in individual workweeks.

54. The FLSA Collective Action Members were not exempt from the overtime provisions of the FLSA.

55. Plaintiff and others similarly situated were directed by Defendants to work, and did work, over forty (40) hours in one or more individual workweeks.

56. Defendants paid Plaintiff and others similarly situated no overtime compensation.

57. Defendants violated the FLSA by failing to pay overtime to Plaintiff and others similarly situated at one-and-one-half times their regular rate of pay when they worked over forty (40) hours in one or more individual workweeks.

58. Defendants' failure to pay Plaintiff and other similarly situated persons one-and-

one-half times their regular rate for all time worked over forty (40) hours in a workweek was willful.

59. Plaintiff and all others similarly situated are entitled to back pay for all overtime hours worked during their employment with Defendants in an amount equal to one and one-half times their regular rate(s) of pay.

60. As a result of Defendants' willful and reckless actions, Plaintiff and all others similarly situated are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

61. Plaintiff and all others similarly situated are entitled to recover attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Violation of Va. Code § 40.1-29.2
### (Virginia Overtime Wage Act Collective Action)

62. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

63. Defendants have knowingly violated the Virginia Overtime Wage Act, Va. Code § 40.1-29.2, by failing to pay overtime to Plaintiff and the VOWA Collective Action Members when they worked over forty (40) hours in individual workweeks.

64. Plaintiff and all others similarly situated were not exempt from the overtime provisions of Va. Code § 40.1-29.2.

65. Plaintiff and others similarly situated were directed by Defendants to work, and did work, over forty (40) hours in one or more individual workweeks.

66. Defendants paid Plaintiff and others similarly situated no overtime compensation.

67. Defendants violated Va. Code § 40.1-29.2 by failing to pay overtime to Plaintiff and others similarly situated at one-and-one-half times their regular rate of pay when they worked

over forty (40) hours in one or more individual workweeks.

68. Defendants' failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over forty (40) hours in a workweek was willful or knowing.

69. Pursuant to Va. Code §§ 40.1-29(J) and 40.1-29.2, Plaintiff and all others similarly situated are entitled to recover payment of their unpaid overtime wages, an equal amount of liquidated damages, prejudgment interest, and attorneys' fees and costs. Further, Defendants' violation was a "knowing" one thus entitling VOWA Collective Action Members to recovery of triple damages for the period July 1, 2021 through June of 2022.[2]

WHEREFORE, Plaintiff, on behalf of himself and the FLSA and VOWA Collective Action Members, requests the following relief against Defendants, jointly and severally:

A. That the Court conditionally certify this action as a Collective Action under the FLSA and VOWA and order that Court-approved notice be issued to putative FLSA and VOWA Collective Action Members;

B. All unpaid overtime due to Plaintiff and the FLSA and VOWA Collective Action Members;

C. Liquidated damages equal to the unpaid overtime compensation due to Plaintiff and the FLSA and VOWA Collective Action Members;

D. Treble damages under Va. Code § 40.1-29(J) for the VOWA claim, where available;

E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit;

---

[2] A copy of Va. Code § 40.1-29.2 or VOWA as it existed between July 1, 2021 through June of 2022 is attached hereto as Exhibit B.

F.      Interest; and,

G.      Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

Respectfully Submitted,

DANIEL WALKER, individually
and on behalf of all others
similarly situated

By:\_\_\_\_/s/_____
Brittany M. Haddox (VSB No. 86416)
Monica L. Mroz (VSB No. 65766)
L. Leigh Rhoads (VSB No. 73355)
STRELKA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, VA 24018
Tel: (540) 283-0802
brittany@strelkalaw.com
monica@strelkalaw.com
leigh@strelkalaw.com

Craig J. Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel: (804) 648-4848
craig@butlercurwood.com
zev@butlercurwood.com

*Counsel for Plaintiffs*