UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

DANIEL WALKER, individually,
and on behalf of all others similarly
situated, *et al.*,

                                    Plaintiffs,      **Civil Action No. 7:23-cv-568**

v.

BROOKS PUBLIC SAFETY              **COLLECTIVE ACTION**
LLC, *et al.*,                                **PURSUANT TO 29 U.S.C. § 216(b)**

                                  Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION FOR SETTLEMENT APPROVAL

       Plaintiff Walker and Defendants (collectively the "Parties") have settled this wage and hour action for $25,000.00. The settlement satisfies all criteria for approval of a Fair Labor Standards Act ("FLSA") settlement because it is a fair and reasonable resolution of a bona fide dispute and is the result of arms-length settlement negotiations conducted by counsel well-versed in wage and hour law and with the assistance of Magistrate Judge Memmer.

       For the reasons set forth below, the parties respectfully request that the Court enter an order approving the $25,000.00 settlement detailed in the Settlement Agreement and Release of Claims (the "Settlement Agreement"). For the Court's convenience, the Settlement Agreement is attached as Exhibit A.

## **PROCEDURAL BACKGROUND AND SETTLEMENT NEGOTIATIONS**

**Factual Allegations**

Daniel Walker is currently the only Plaintiff opted into the case. Mr. Walker proposed a collective class to include similarly situated employees at Brooks Public Safety[1] facilities in Virginia and North Carolina. *See* Complaint ¶¶ 43-51.

Brooks Public Safety[2] has three locations: (1) Rocky Mount, Virginia, (2) Hickory, North Carolina, and (3) Gibsonville, North Carolina. At each location, the employees install various upgrades and safety equipment on vehicles (video surveillance, lights, sound signals, etc.).

Mr. Walker worked at the Rocky Mount, Virginia location from December 2022 until June 2023 as an Installer, installing the upgrades on the vehicles.

Mr. Walker was paid $1,000 per week during his employment. Defendants contend that this was to compensate Mr. Walker for all straight-time worked up to and over 40 hours per workweek.

Brooks Public Safety did not track Mr. Walker's hours worked.

Mr. Walker has alleged that he worked more than 40 hours per week.

Defendants deny that Mr. Walker worked more than 40 hours in a given workweek.

Mr. Walker has alleged that he was not exempt from the overtime requirements and worked overtime hours. Defendants deny these allegations.

---

[1] Defendants Brooks Public Safety, LLC and Brooks Network Services, LLC deny that they are joint employers of Plaintiff Walker. However, for purposes of settlement, both entities have entered into a settlement agreement with Mr. Walker. Throughout this motion, both entities will be referred to as "Brooks Public Safety."

[2] Both Defendants are owned and operated by Stephen Brooks. He is the sole member for each company. Mr. Walker's work was performed under the auspices of Brooks Public Safety, but he was paid by Brooks Network Solutions. Plaintiff has alleged that Defendants are joint employers. Defendants have denied the same.

Brooks Public Safety has alleged that it paid overtime compensation to its North Carolina Installers, and, thus, the issue of whether overtime compensation is owed is only an issue for the Installers at the Virginia location. Brooks Public Safety has further alleged that only a few Installers have worked at the Virginia location, with most being part-time, thus working insufficient hours to be owed overtime compensation regardless of their exemption status.

**Overview of Investigation, Litigation, and Settlement Negotiations**

The instant lawsuit was filed on September 1, 2023.

Defendants filed a motion to dismiss on October 27, 2023, asserting that the Court lacked subject matter jurisdiction over Defendant Brooks Network Services, LLC, contesting certain damages sought, asserting that certain claims were barred by the applicable statute of limitations, and requesting that the case be transferred to North Carolina. The motion was briefed, and the Court denied the motion on December 15, 2023. Defendants filed an answer on December 22, 2023. The case was thereafter set for trial, the parties held a Rule 26(f) teleconference on February 6, 2024, filed a joint request for a motion for protective order for discovery, which was entered by the Court on February 9, 2024, exchanged initial disclosures on February 23, 2024, and then agreed to refrain from serving formal discovery requests while attempting to reach a resolution.

Defendants, in lieu of formal discovery, provided data for both North Carolina and Virginia employees to establish their assertions regarding paying North Carolina Installers overtime and having only a few Installers at the Virginia location, with most being part-time.

Plaintiff's counsel gathered information from Mr. Walker to calculate damages:

| Pay Date | Regular Hours | Overtime Hours | Hourly Rate | Overtime Rate | Overtime Damages | OT Liquidated Damages | Total Damages |
|---|---|---|---|---|---|---|---|
| 12/16/2022 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 12/30/2022 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |

3

| 1/13/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 1/27/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 2/10/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 2/24/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 3/10/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 3/24/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 4/7/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 4/21/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 5/5/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 5/19/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 6/2/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| 6/16/2023 | 80 | 24 | $25 | $37.50 | $900.00 | $900.00 | |
| **TOTALS** | | | | | **$12,600.00** | **$12,600.00** | **$25,200.00** |

Defendants contest the hours worked as asserted by Mr. Walker. Defendants also contest the overtime premium that Mr. Walker alleges that he is owed.

The parties exchanged various offers and demands during February and March 2024, at which time the Parties agreed to mediate the matter, and ultimately held a mediation with Magistrate Judge Memmer on May 2, 2024. In addition to counsel, Mr. Walker attended the mediation, as did Defendants' owner. At mediation, the parties eventually agreed to the proposed holistic settlement now before the Court.

## SUMMARY OF THE KEY SETTLEMENT TERMS

**The Settlement Amount(s)**

Defendants have agreed to pay a total of $25,000.00 to settle this dispute. That amount will be allocated as follows: (i) payment to Plaintiff's counsel's a total of $12,500[3] for fees and costs, and (ii) total settlement payment to Plaintiff Walker of $12,500, Mr. Walker will receive half of his payment as W-2 and the other half as 1099, for claimed liquidated damages.

---

[3] This amount is 50% of Plaintiff's counsel's current lodestar of approximately $25,000.00.

4

**Release**

The parties have agreed to a release that is properly tailored to only release the wage and hour claims at issue.

**Denial of Liability**

The settlement acknowledges that Defendants deny liability to Plaintiff Walker and any other potential plaintiffs and the settlement of this matter should in no way be construed as an admission of liability.

## ARGUMENT

**I.    The Settlement Meets the Requirement for Approval of an FLSA Settlement.**

Settlement of an FLSA lawsuit must be approved by the U.S. Department of Labor or a federal district court. *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (citing *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005)). Courts in the Western and Eastern District of Virginia have traditionally taken their direction from the Eleventh Circuit and have held that an FLSA settlement should be approved if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014) (citing *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)). Furthermore, when the parties' settlement, as here, reflects "a reasonable compromise over the issues the court may approve it in order to promote the policy of encouraging settlement of litigation." *Kuntze v. Josh Enters., Inc.*, No. 2:18cv38, 2019 WL 2179220, at *1 (E.D. Va. May 20, 2019) (internal markings omitted) (citing *Lynn Food Stores*, 679 F.2d at 1354).

This settlement represents a good faith compromise of the parties' bona fide dispute of liability and damages under the FLSA. Furthermore, the proposed settlement terms are fair and reasonable, and the settlement was reached after arms-length negotiation and with the assistance

5

of Magistrate Judge Memmer, and with counsel well-versed in FLSA and related state-law matters. For these reasons and based on the foregoing, the parties request that the Court approve the Settlement Agreement.

### A.  There is a Bona Fide Dispute over FLSA Provisions.

To merit Court approval, the settlement must involve a bona fide dispute over FLSA provisions. *See Patel*, 15 F. Supp. 3d at 654 (citing *Lynn Food Stores*, 679 F.2d at 1355). In this action, Plaintiff Walker alleged that he was not paid overtime compensation and was misclassified as exempt in violation of the FLSA (and Virginia law). As the Court has noted, "[a] bona fide dispute exists when an employee makes a claim that he or she is entitled to overtime payment." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1.08cv1310, 2009 WL 3094955, at *16 (E.D. Va. Sept. 28, 2009). The Settlement Agreement contains a provision wherein Defendants expressly deny any and all liability to Plaintiff Walker and all other potential plaintiffs. As such, this settlement represents a good faith compromise of the parties' bona fide dispute regarding the FLSA claims alleged in the Complaint.

### B.  The Settlement is Fair and Reasonable.

"In determining whether a settlement is fair, adequate, and reasonable there is a *strong presumption* in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed." *LaFleur*, 189 F. Supp. 3d at 593 (emphasis added) (internal markings and citations omitted). Those factors to be considered when assessing whether an agreement is fair and reasonable are: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of the counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits; and (6) the amount

6

of the settlement in relation to the potential recovery. *Id.*; *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975). As detailed below, the factors point toward approval in this case.

### 1. The Extent of Discovery that has Taken Place.

The Parties have not conducted formal discovery in order to refrain from unnecessarily driving up the attorneys' fees herein. However, the Parties exchanged the necessary information to support the assertions made by Defendants and to calculate Plaintiff Walker's damages. As a result, the parties had all the information they needed to evaluate and calculate the damages at issue and to determine whether settlement made legal and/or business sense.

### 2. The Stage of the Proceedings.

Just before proceeding into formal discovery, the Parties attempted to negotiate the matter and eventually agreed to mediate the matter, ultimately holding a mediation with Magistrate Judge Memmer on May 2, 2024.

Because this lawsuit involves the legal issue of joint employment liability, three locations, two of which are in another state, and Installers who did not track their time worked, there are several important issues that would have required significant litigation had the matter not settled. Extensive time and energy would have gone into discovery, dispositive motions, trial, and potentially appeals regarding these foregoing issues.

This settlement provides meaningful recovery to Plaintiff Walker in that it is approximately equivalent to Walker's overtime compensation owed and avoids any issues regarding proving hours worked. From Defendants' perspective, settlement eliminates the substantial fees that would be associated with discovery, dispositive motions, trial, and potentially appeals, in addition to the potential for Collective Certification, which could result in additional plaintiffs joining herein.

7

### 3. The Absence of Fraud or Collusion.

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12; *see also Kuntze*, 2019 WL 2179220, at *2. The parties negotiated this settlement at arms-length, with the assistance of Magistrate Judge Memmer, over a period of months leading up to the mediation and all day at the mediation. Defendants only agreed to negotiate after attempting a motion to dismiss. Thus, there is no evidence to outweigh the presumption that no collusion occurred between counsel.

### 4. The Experience of Counsel of Record.

When counsel has "experience in federal court and employment litigation . . . their opinion is entitled to weight." *Gagliastre v. Captain George's Seafood Rest., LP*, No. 2:17cv379, 2019 WL 2288441, at *3 (E.D. Va. May 29, 2019); *see also Flinn*, 528 F.2d at 1173 ("While the opinion and recommendation of experienced counsel is not to be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement."). All counsel are well-respected lawyers with a breadth of experience in the fields of employment litigation and wage and hour law. Plaintiff's counsel have litigated a number of small and large overtime cases against public entities and private corporations, including, but not limited to:

> *Rogers, et al. v. City of Richmond*, 3:11CV620 (E.D. Va.)
> *Carroll, et al. v. County of Henrico*, 3:12CV00105 (E.D. Va.)
> *Devine, et al. v. City of Hampton*, 4:14CV81 (E.D. Va.)
> *Wright, et al. v. City of Roanoke*, 7:18CV210 (W.D. Va.)
> *Lacroix, et al. v. City of Portsmouth, Virginia*, 2:13CV533 (E.D. Va.)
> *Slavin, et al., v. United States Postal Service*, 3:17CV00134 (E.D. Va.)
> *Milton, et al. v. Quality Eco Technologies, LLC*, 3:20CV43 (E.D. Va.)
> *Yerby, et al. v. City of Richmond*, 3:19CV393 (E.D. Va.)
> *Clinton, et al. v. GEICO*, 2:16CV430 (E.D. Va.)
> *Mendoza, et al. v. Baird Drywall & Acoustic, Inc., et al.*, 7:19-cv-882 (W.D. Va.)
> *Broussard v. Eldor Automotive Powertrain USA*, 7:19-cv-0841 (W.D. Va.)
> *Pinon v. Kalyan Plaza, LLC, et al.*, 7:20-cv-205 (W.D. Va.)
> *Sziber v. Dominion Energy, Inc.*, 3:20-cv-117 (E.D. Va.)
> *Jones v. Harvest Roanoke LLC, et al.*, 7:22-cv-485 (W.D. Va.)

*Jones v. 573 LLC, et al.*, 7:22-cv-486 (W.D. Va.)
*Campbell, et al. v. Intercontinental Capital Group, Inc.*, 3:22-cv-00034 (E.D. Va.)
*Granderson, et al. v. Capital One Financial Corporation*, 3:21-800 (E.D. Va.)
*Denson, et al. v Elephant Insurance Services, LLC*, 3:22-cv-00022 (E.D. Va.)
*Wheaton v. Westminister-Canterbury of The Blue Ridge*, 3:22-cv-00050 (W.D. Va.)
*Hines, et al. v. ModivCare Solutions, LLC*, 3:23-cv-00273 (E.D. Va.)
*Adams, et al. v. Negril Incorporated, et al.*, 4:22-cv-00107 (W.D. Va.)
*Fortier v. Liberty University, Inc.*, 6:23-cv-00069 (W.D. Va.)
*Clifton et al v. ACME Therapies, Co.*, 4:22-cv-00113 (W.D. Va.)
*Raines, et al v. Zerodraft Maryland, LLC*, 7:23-cv-00477 (W.D. Va.)
*Medina-Sanchez, et al. v. Apple Vir LLC*, 6:24-cv-00005 (W.D. Va.)

Plaintiff's counsel relied on sufficient information to evaluate, negotiate, and make well-informed judgments about the adequacy of the settlement. Based on Plaintiff's counsel's knowledge of the case and applicable law, as well as their experience in numerous similar wage and hour actions, Plaintiff's counsel's opinion is that the settlement is fair, reasonable, and adequate and resolves a bona fide dispute. That opinion, based on extensive knowledge of employment law, is entitled to significant weight.

### 5. The Probability of Plaintiff's Success on the Merits.

With regard to whether Plaintiff Walker was exempt, the law is fairly clear that Plaintiff, as an upfitting Installer, was not exempt. However, the potential collective in this matter was extraordinarily limited, there was a vigorous dispute regarding the hours worked by Mr. Walker, and Mr. Walker is receiving approximately his overtime compensation owed. Plaintiff further faced standard disputes regarding liquidated damages and willfulness as well unique disputes over whether Defendants were Plaintiff's joint employer.

### 6. The Amount of the Settlement in Relation to the Potential Recovery.

Mr. Walker is receiving $12,500, which is approximately equivalent to Walker's overtime compensation owed. Mr. Walker's potential damages were calculated using the average hours that Mr. Walker worked during his employment based on information provided by Mr. Walker.

9

Consequently, this settlement brings considerable value and certainty now to Mr. Walker. The substantial benefit to Plaintiff Walker is a significant factor weighing in favor of approval of the proposed Settlement Agreement.

### 7. Plaintiff's Attorneys' Fees and Costs.

The FLSA provides in part that "the court … shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The settlement agreed to by the parties reflects this and rather than engaging in a time consuming and costly fight over the amount of attorneys' fees, the parties here were able to reach a resolution that encompassed the claim for attorneys' fees and costs, with Plaintiff's counsel agreeing to $12,500, which is approximately 50% of their lodestar.

The FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interests taints the amount the wronged employee recovers under a Settlement Agreement." *See Poulin v. General Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)); *see also Davis v. BT Ams. Inc.*, No. 2:16cv206, 2017 WL 11506967, at *2-3 (E.D. Va. May 10, 2017). When assessing the fairness of attorneys' fees pursuant to a court-ordered fee award, courts generally rely on the lodestar analysis.[4] *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992); *LaFleur*, 189 F. Supp. 3d at 593. However, assessing the fairness of attorneys' fees that are part of a negotiated FLSA settlement is not identical to the traditional lodestar analysis. *Devine v. City of Hampton*, No. 4:14cv81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015). In determining the reasonableness

---

[4] "The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate." *LeFleur*, 189 F. Supp. 3d at 593 (citing *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

10

of attorneys' fees in an FLSA settlement, courts should give some deference to the parties' voluntary agreement and use lodestar principals as a cross-check to assess fairness. *Id.* (citing *Poulin*, 2010 1813497, at *1).

"In the Fourth Circuit, 'the most critical factor in calculating a reasonable fee award is the degree of success obtained.'" *Teague v. Bakker*, 213 F. Supp. 2d 571, 583 (W.D. N.C. 2002) (quoting *McKnight v. Cir. City Stores, Inc.*, 14 F. App'x 147, 149 (4th Cir. 2001)). Here, the Plaintiff received a significant success given that Mr. Walker is receiving Walker's overtime compensation owed. Plaintiff's counsel's attorneys' fees and costs to date are approximately $25,000, and Plaintiff's counsel have agreed to receive $12,500, with no additional fee recovery going forward through the settlement process.

## CONCLUSION

This Settlement was reached after continued settlement negotiations and a mediation. The Parties engaged in analysis of the facts and the data at issue and the Settlement Agreement provides Plaintiff significant monetary relief. Because the settlement is a fair and reasonable resolution of a bona fide dispute between the Parties, it should be approved.

Respectfully submitted,

By: /s/
Brittany M. Haddox (VSB No. 86416)
Monica L. Mroz (VSB No. 65766)
STRELKA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, VA 24018
brittany@strelkalaw.com
monica@strelkalaw.com

Craig J. Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302

By: /s/
N. Winston West, IV, Esq. (VSB No. 92598)
CRANFILL SUMNER LLP
5535 Currituck Drive, Suite 210
Wilmington, NC 28403
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
wwest@cshlaw.com

*Counsel for Defendants*

Richmond, Virginia 23219
Tel: (804) 648-4848
craig@butlercurwood.com
zev@butlercurwood.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2024, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Brittany M. Haddox*
Brittany M. Haddox (VSB No. 86416)
Monica L. Mroz (VSB No. 65766)
STRELKA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, VA 24018
brittany@strelkalaw.com
monica@strelkalaw.com

Zev H. Antell (VSB No. 74634)
BUTLER CURWOOD, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
zev@butlercurwood.com

*Counsel for Plaintiff*