CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
5/30/2024
LAURA A. AUSTIN, CLERK
BY: s/ Christel Kemp
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL WALKER, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 7:23-cv-00568 |
| v. | ) ) | **ORDER** |
| BROOKS PUBLIC SAFETY LLC, and BROOKS NETWORK SERVICES, LLC | ) ) ) ) ) | By:   Hon. Thomas T. Cullen United States District Judge |
| Defendants. | ) | |

Plaintiff Daniel Walker brought this action against Defendants Brooks Public Safety LLC, and Brooks Network Services, LLC (collectively, "Defendants") to recover unpaid overtime wages[1] under the Fair Labor Standards Act ("FLSA") and the Virginia Overtime Wages Act ("VOWA").[2] It is now before the court on the parties' joint motion for approval of their proposed settlement agreement (the "Agreement"). (Joint Mot. Settlement Approval [ECF No. 37].) The court held a hearing on that motion on May 30, 2024, and based on the arguments of the parties at that hearing and their filings in support of the motion, the court will grant the motion, approve the terms of the Agreement, and dismiss this action.

The FLSA does not permit settlement or compromise of claims except (1) for a

---

[1] Walker alleges that Defendants failed to pay him and others overtime compensation despite working more than 40 hours per week in a nonexempt role, in violation of the FLSA and VOWA. (*See generally* Compl. [ECF No. 1].) Both of Walker's claims are covered by the parties' proposed settlement agreement. (*See* Agreement at 3 [ECF No. 38-1].)

[2] Walker brought this as a putative collective action under the FLSA, but no other employees opted into the action. *See* 29 U.S.C. § 216(b).

payment supervised by the Department of Labor or (2) when a court determines that the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982) (cleaned up); *see also Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (explaining that courts assess FLSA settlements for reasonableness). In making this determination, the court must first ensure that the matter involves "FLSA issues that are 'actually in dispute.'" *Saman v. LBDP, Inc.*, No. CIV.A. 12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (quoting *Lane v. Ko–Me, LLC,* No. CIV.A. 10-2261, 2011 WL 3880427, at *1 (D. Md. Aug. 31, 2011)). "A bona fide dispute exists when an employee makes a claim that . . . she is entitled to overtime payment" or other wages rightfully owed. *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *16 (E.D. Va. Sept. 28, 2009) (cleaned up).

Here, there is a bona fide dispute as to Defendants' liability on Walker's claims. Walker alleges that Defendants failed to comply with their obligations under the FLSA and owed him unpaid overtime wages. (Compl. ¶¶ 52–61.) Walker also alleges that Defendants' failure to pay these overtime wages was a "willful and reckless" violation of the FLSA. (*Id.* ¶ 60; *see id.* ¶ 41.) For their part, Defendants deny any violation of the FLSA. (*See generally* Answer [ECF No. 23].) Moreover, Defendants dispute "the hours worked as asserted by Mr. Walker" and "the overtime premium that Mr. Walker alleges that he is owed." (Mem. Supp. Joint Mot. Settlement Approval at 4 [ECF No. 38].) Accordingly, there is a bona fide dispute as to Defendants' liability for Walker's claims. *See Lomascolo*, 2009 WL 3094955, at *16.

Next, the court assesses whether the Agreement's terms are fair, adequate, and reasonable. To do so, the court looks to the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

*Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (cleaned up); *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). Considering these factors, the court is satisfied that the Agreement represents a fair, adequate, and reasonable resolution with respect to Walker's FLSA claims. Specifically, the terms of the Agreement provide for the payment of $12,500 to Walker, in satisfaction of his FLSA and related state-law claims, and $12,500 to his counsel for their work on this case, all of which the court finds reasonable under the circumstances. (*See* Agreement at 3–4.)

The record in this matter establishes that the parties conducted limited but nevertheless meaningful discovery. The parties exchanged initial discovery disclosures and agreed to forego formal discovery in favor of a more informal exchange of information. (*See* Mem. Supp. Joint Mot. Settlement Approval at 3.) The parties represent that they "exchanged the necessary information to support the assertions made by Defendants and to calculate . . . Walker's damages." (*Id.* at 7.) This information allowed for meaningful review of the strengths and weaknesses of the parties' respective positions and facilitated their negotiations and subsequent settlement.

Next, the parties reached the instant settlement after months of arms-length, informal negotiations culminating in a formal mediation with the Honorable C. Kailani Memmer, United States Magistrate Judge, at an early stage in the proceedings, eliminating the need for time-consuming and costly motions practice. (*See* Mem. Supp. Joint Mot. Settlement Approval

at 7.) There is also no evidence or suggestion of fraud or collusion in the Agreement, and counsel took efforts to minimize the costs and expense of this litigation in favor of a speedy and just resolution of the dispute. (*Id.* at 7–8.) Additionally, counsel on both sides are experienced in employment litigation and, in particular, overtime wage law, and that experience is evident in the settlement they propose here. (*Id.* at 8–9.)

As to the final two factors, the settlement gives Walker approximately the amount—$100 short—of the overtime compensation he alleges he was owed. (Mem. Supp. Joint Mot. Settlement Approval at 4, 9.) As the parties acknowledge in their memorandum supporting their joint motion for settlement approval, the case posed a variety of disputes making Walker's success on the merits far from certain. (*See id.* at 9.) The settlement amount is therefore beneficial to Walker and compensates him for over 99% of his alleged unpaid wages.

Lastly, the court finds that the award of $12,500 for attorney's fees and costs is reasonable. Under the FLSA, the court shall, "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). But the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)). When assessing the fairness of a court-ordered fee award, courts typically use the lodestar analysis. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992).

To determine the lodestar figure, the court multiplies the number of hours reasonably worked by counsel by a reasonable hourly rate. *See, e.g., In re Microstrategy, Inc.*, 172 F. Supp. 2d

778, 786 (E.D. Va. 2001). Walker's counsel—three attorneys and paralegals—worked approximately 64 hours on this matter,[3] which the court finds reasonable based on the unique complexities of FLSA actions. Two of those attorneys charged $400/hour, the third billed at $405.25/hour, and the paralegal rate was $95/hour. These rates are on the higher end, but still in the range of comparable hourly rates for this kind of legal work in this geographic region. Given the complexities in an FLSA case and the geographic area in which counsel practices, the court finds the rates are reasonable. *See, e.g.*, *Compton v. N. Cent. Va. Rests., Inc.*, No. 5:20-cv-00073, 2022 WL 4008719, at *5 n.3 (W.D. Va. Sept. 2, 2022) (finding $450 and $500 hourly rates reasonable).

Applying those rates to the 64 hours Walker's counsel worked results in a lodestar of $24,243.55, almost double the $12,500 fee award provided for in the Agreement.[4] The Agreement's attorney-fee award also does not detract from Walker's recovery. Moreover, the Fourth Circuit recognizes that fee awards to counsel advance the remedial goals of enabling plaintiffs "to obtain the assistance of competent counsel in vindicating their rights." *See Brandon v. Guilford Cnty. Bd. of Elections*, 921 F.3d 194, 199–200 (4th Cir. 2019) (internal quotation omitted). Accordingly, the court finds that the Agreement's attorney-fee award—which is equal to Walker's recovery—is reasonable.

For the foregoing reasons, the court finds that the proposed Agreement represents a fair, reasonable, and adequate resolution of a bona fide FLSA dispute. It is hereby **ORDERED** that the parties' joint motion for approval of their proposed settlement

---

[3] At the court's request, Walker's counsel shared a summary of the work done on this matter via e-mail, and noted they incurred $492 in costs. This e-mail is on file with the court.

[4] The Agreement's attorney-fee award of $12,500 also includes $492 in costs.

agreement (ECF No. 37) is **GRANTED**, the terms of the parties' proposed settlement are **APPROVED**, and this action is **DISMISSED WITH PREJUDICE**. The court will **RETAIN** jurisdiction over this matter to enforce the terms of the settlement.

The Clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 30th day of May, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE